In the Matter of the Application of GRACE T. CARTER and Others, on Behalf of Themselves and All Other Teachers of Union Free School District No. 7 of the Town of Cheektowaga, Erie County, New York, Similarly Situated, Petitioners, for an Order against EDWARD KALAMEJSKI and Others, Constituting the Board of Education of the Union Free School District No. 7 of the Town of Cheektowaga, Erie County, New York, Respondents.*

Supreme Court, Erie County, September 20, 1938.

* See, also, *Matter of High* v. *Bd. of Education, N. Hempstead* (169 Misc. 98).

*James O. Moore* [*Harold B. Ehrlich* of counsel], for the petitioners.

*Harold P. Kelley* [*Philip Halpern, Milton H. Friedman* and *Emil L. Cohen* of counsel], for the respondents.

GOLD, J. This proceeding was instituted by notice pursuant to article 78 of the Civil Practice Act.

Union Free School District No. 7 of the Town of Cheektowaga, Erie County, New York, is a union free school district, has a population of upwards of 4,500 inhabitants and for several years has employed a superintendent of schools in compliance with section 312 of the Education Law.

The petitioners and others are, and for periods varying from three to nineteen years have been, teachers in such union free school, and all, save one, had served continuously for the three years next preceding July 1, 1937, and all for a like time next preceding July 1, 1938.

The respondents constitute the board of education of the school and Edward Kalamejski is its president.

On August 8, 1938, the board of education dismissed the twelve petitioners without charges and without notice of a hearing, and without a hearing.

Section 312-a of the Education Law was added by chapter 314 of the Laws of 1937.

The first two subdivisions provide as follows:

" 1. The teachers, principals, supervisors and all other members of the teaching and supervising staff shall be appointed by the board of education of a union free school district having a population of more than forty-five hundred inhabitants and employing a superintendent of schools, upon the recommendation of such superintendent of schools, for a probationary period of three years. Provided, however, that the board of education in any such union free school district, within the provisions of this act, may upon the recommendation of the superintendent of schools, appoint for a probationary period of one year, any teacher, principal, supervisor, or other member of the teaching and supervising staff, who has

been employed continuously by said board of education for the three years last preceding the date when this act becomes effective. The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education.

" 2. At the expiration of the probationary term of a person appointed for such term, subject to the conditions of this act, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient, and satisfactory. Such persons, and all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act, shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for any of the following causes:

" (a) insubordination, immoral character or conduct unbecoming a teacher;

" (b) inefficiency, incompetency, physical or mental disability, or neglect of duty."

The above bill passed both the Senate and Assembly and was approved by the Governor on May 3, 1937, to take effect on July first of the same year.

After the Governor had approved the bill and upon the same day the superintendent of schools made a report to the board of education and recommended the petitioners and several other teachers, who had continuously served for upwards of three years immediately prior thereto, for permanent tenure of position. The board of education received the report and followed the recommendation of the superintendent of schools and passed a resolution appointing the petitioners and other teachers as teachers in the school with tenure of position to take effect July 1, 1937.

On May 16, 1938, the superintendent again recommended petitioners to permanency of position. Again the board passed a resolution appointing the petitioners and other teachers, similarly situated, on tenure and directed the issuance to them by the president and clerk of the board, certificates of tenure. The certificate of appointment was issued to each of the teachers.

The resolutions adopted on May 3, 1937, were by unanimous vote, whereas the resolutions adopted on May 16, 1938, were dissented to by two members who had been elected to the board for the term commencing July 1, 1937. At the election of the school board held in May, 1938, the membership of two of the old board expired and two new members were chosen.

On August 8, 1938, the board of education undertook to rescind all of the resolutions respecting the appointment of teachers adopted by the old board of education on May 16, 1938, and to dispense with the services of the petitioners, and to adopt a budget and to appoint new teachers without the recommendation of the superintendent of schools.

It is contended by petitioners that this latter board was without legal authority to dismiss petitioners for the reason that they had already been appointed with tenure and could not be removed by the board, except upon recommendation of the superintendent.

Respondents claim that the former board had no right to appoint petitioners with tenure as none of the same had been appointed for a probationary period as provided in subdivisions 1 and 2 of sections 312-a of the Education Law.

Petitioners, on the other hand, claim that they were legally appointed, and the question calls for an interpretation of said section of the Education Law.

Subdivision 1 provides for the appointing of the teachers by the board of education, upon the recommendation of the superintendent of schools, for a probationary period of three years. It also provides that the board of education may, upon the recommendation of the superintendent of schools, appoint for a probationary period of one year any teachers, etc., who have been employed continuously by said board of education for the three years last preceding the date when the act becomes effective. It further provides that at the expiration of the probationary term of a person appointed for such term, subject to the conditions of the act, the superintendent of schools shall make a written report to the board of education recommending for appointment upon tenure those persons who have been found competent, efficient and satisfactory.

Immediately following are these words: " Such persons, and all others *employed* in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act, shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except " for certain causes therein stated.

Petitioners claim that the words, " Such persons " mean those who have been appointed for a probationary period, while " all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act," refer to those who had been theretofore employed for a period of three years,

and that the words " probationary period " simply mean length of service under the *employment.*

Prior to the passage of section 312-a of the Education Law, all teachers were employed by the board of education. Said section provides that all teachers must be appointed for a probationary period. Therefore, the Legislature must have intended something other than a probationary teacher to be included in the " all others employed in the teaching," etc.

I believe that this interpretation must be given to the statute, otherwise the words " and all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act," are meaningless, and refer to no person or persons. The Legislature must have intended something and I feel that they intended those who had already been *employed* for three years prior to the time section 312-a became effective.

It is contended by respondents that this court has no jurisdiction to entertain this motion, and that the tenure commission alone has jurisdiction to determine the same.

In view of the fact that respondents claim that petitioners were not legally appointed with tenure, their position is inconsistent in view of the provisions of subdivision 3 of section 312-a of the Education Law. This provides that all charges against a teacher enjoying the benefits of tenure shall be made to the board of education by the superintendent of schools; that the teacher is then entitled to a hearing before the board of education; that after action upon such complaint by the board of education, the teacher shall have a right to make an appeal both as to law and fact to the tenure commission, who shall then hear the matter, the tenure commission to make its recommendation to the Commissioner of Education, which shall be final.

Respondents, claiming that the petitioners are not on tenure, can hardly justify their position that the matter should be tried before the tenure commission.

Furthermore, the teachers were not dismissed after charges laid at a hearing thereon, as contemplated by the act.

The question before this court is, " Did the board of education have the right to rescind contracts of the petitioners? " and that is the question which must be determined by the court.

I find, therefore, the petitioners were duly and legally appointed with tenure and the board of education was without legal authority and right to pass the resolution on August 8, 1938, rescinding the resolutions appointing petitioners on tenure, and that the petitioners were illegally dismissed by the resolutions of August 8, 1938.